H. B. TOWSLEE and MOSES M. STRONG, for Rooker.

MARSHALL M. STRONG and H. N. WELLS, for Norton.

---

*Ex parte*
JAMES G. KING. } *Error to Rock county.*

IN proceedings under the statute for partition of real estate, the petitioner may bring a writ of error to reverse the judgment; and if the proceedings are erroneous, the judgment will be reversed, that the errors may be corrected.

James G. King filed his petition in the Rock District Court, praying for the partition of certain lands lying in Rock county. The commissioners appointed by the court, made partition of lands which did not correspond with the petition, and some of which was not embraced in it; and the division was not made according to law or the respective interests of the parties. The mistake was not discovered, either by the court or counsel, during the term, and the report of the commissioners was confirmed and judgment entered accordingly. King, the petitioner, brought this writ of error to reverse the judgment, in order to have the proceedings perfected in the court below.

WHITON, for King, briefly stated the case, and showed that the errors had arisen purely through mistake; that there was no opposition to the petition, and that it was for the benefit of all persons interested to reverse the judgment, that the District Court may be enabled to make partition of the premises described in the petition, according to law.

Chief Justice DUNN delivered the following opinion of the court:

In this case the petitioner, James G. King, filed his petition for the partition of certain real estate situate in the county of Rock, in the District Court of Rock county, at October term of said court, A. D. 1841. At said term commissioners were appointed to make partition of the land described in said petition. At the April term of said court, 1842, the said commissioners made their report to the said court, in which they gave the same quarter section of land to two persons entire, and not by moiety, and one quarter section to the petitioner which was not described in his petition. The District Court rendered judgment, that partition be made of the premises according to said report.

It is unnecessary to perplex this question with reasons, as it is obvious that the report was defective and erroneous, and consequently the judgment of the court thereon; which must have arisen from the usual hurry of business at the close of a protracted term of court, when the same strict and minute examination of lengthy reports is not made, as when there is more time and less press of business.

The judgment of the District Court is therefore reversed, and the case remanded to the said District Court for such further proceedings therein as may be legal and proper.

WHITON, for King.